IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LAN TRUST 2006-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT5,<br><br>　　Plaintiff,<br><br>v.<br><br>DANNY ALEXANDER, SARAH ALEXANDER, ALEXANDERS EQUITY BUILDERS, LLC, DAVID SHULDER, AND THE UNITED STATES OF AMERICA, ON BEHALF OF THE INTERNAL REVENUE SERVICE,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 5:19-cv-990 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Deutsche Bank National Trust Company, as Trustee for Soundview Home Lan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5 ("Deutsche Bank"), Plaintiff, complaining of Danny Alexander, Sarah Alexander, Alexanders Equity Builders, LLC, David Shulder, and the United States of America, on Behalf of the Internal Revenue Service, files this Original Complaint, and states as follows:

**I.
PARTIES**

1.　　Plaintiff Deutsche Bank is a trust company and trustee who is appearing through the undersigned counsel.

2. Defendant Danny Alexander is an individual who resides in Bandera County, Texas. He may be served at his residence, 1311 Elmhurst Drive, Lake Hills, TX 78063, or such other place where he may be found. Summons is requested.

3. Defendant Sarah Alexander is an individual who resides in Bandera County, Texas. She may be served at her residence, 1311 Elmhurst Drive, Lake Hills, TX 78063, or such other place where she may be found. Summons is requested.

4. Alexander Equity Builders, LLC is a Texas Limited Liability Company. It may be served through its registered agent, Tabitha Alexander f/k/a Tabitha Nell Williams, at 1311 Elmhurst Drive, Lake Hills, TX 78063, or such other place where she may be found. Summons is requested.

5. Defendant David Shulder is an individual who resides in Travis County, Texas. He may be served at his residence, 1705 Barbara Street, Austin, TX 78757. Summons is requested.

6. Defendant the United States of America Internal Revenue Service ("IRS") is named in this suit *in rem* only pursuant to its Notices of Federal Tax Liens Recorded in the Real Property Records of Bandera County, Texas at Instrument Numbers 00182286 and 00219697. The IRS may be served by sending a copy of the summons and the Petition by certified mail to John F. Bash, United States Attorney for the Western District of Texas, at 601 NW Loop 410 #600, San Antonio, TX 78216, by sending a copy of both the summons and the Petition by certified mail to the United States Attorney General, William Barr, at 950 Pennsylvania Avenue, NW Washington, DC 20530, and by sending a copy of the summons and the Petition by certified mail to Internal Revenue Service, 8626 Tesoro Dr. San Antonio, TX 78217. Summons is requested.

## II.
## ORIGINAL FEDERAL JURISDICTION UNDER 28 U.S.C. § 1340 AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 2410

7. This Court has jurisdiction over the controversy under 28 U.S.C. § 1340 and 28 U.S.C. Section 2410 because it involves any civil action arising under any Act of Congress providing for internal revenue because Plaintiff seeks asserts *inter alia* a quiet title claim on property in which IRS hold an interest as it seeks a declaration that a portion of the property is free and clear of the IRS's interest and, in the alternative, a foreclosure on the property.

## III.
## DIVERSITY JURISDICTION

8. The Court has diversity jurisdiction over the remaining claims under 28 U.S.C. Section 1332. As set forth below, Plaintiff does not share citizenship with any Defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

9. Deutsche Bank is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Deutsche Bank National Trust Company is a New York corporation with its principal place of business in California. Therefore, Deutsche Bank is a citizen of New York and California for diversity purposes.

10. Danny Alexander is an individual who resides in and is a citizen of the state of Texas.

11. Sarah Alexander is an individual who resides in and is a citizen of the state of Texas.

12. Alexander's Equity Builders, LLC is a Texas Limited Liability Company whose citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Alexander's Equity Builders, LLC's sole member is Tabitha Alexander f/k/a Tabitha Williams, who is a citizen of the state of Texas. Therefore, Alexander's Equity Builders, LLC is a citizen of Texas.

13. In this suit, Plaintiff seeks to confirm its lien interest, foreclose, and quiet title to real property. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The current payoff of the underlying note and the property value are in excess of $75,000.00. Accordingly, the amount in controversy requirement has been met.

## IV.
## VENUE

14. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1391(b)(2) because this suit concerns title to real property located in Bandera County, Texas.

## V.
## FACTS

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. On or about March 17, 2006, Danny Alexander and Sarah Alexander (the "Alexanders") executed a Home Equity Note (the "Note") originally payable to Option One Mortgage Corporation, a California Corporation ("Option One") in the original principal amount of $280,000.00. Concurrently with the execution of the Note, the Alexanders, executed a Deed of Trust granting Option One a security interest in real property with the following description:

## 1.806 ACRES
## BANDERA COUNTY, TEXAS
## SARAH ALEXANDER

A field note description of a 1.806 acre tract of land situated in Bandera County, Texas, being all of Lot 14, Block 31 and all of Lots 17, 18 and 19 and part of Lot 16, Block 39 and a portion of the platted roadway as described in deed recorded in Volume 390, Page 40, all in Avalon Ranch Subdivision "D" according to plat recorded in Volume 1, Page 49 (Cabinet A, Sheet 93 C & D) of the Plat Records of Bandera County, Texas and being more particularly described by metes and bounds as follows: (Note: All iron pins set are ½" rebar with a yellow plastic cap stamped "RKB 5409")

Beginning at an iron pin found for the northwest corner of the herein described tract and said Lot 14, in the south right-of-way line of an unimproved road platted as 22nd Street and the northeast right-of-way line of Elmhurst Drive;

Thence N 90°00'00" E along the north line of the herein described tract and said Lots 14 and 19 and the south right-of-way line of said 22nd Street, at 322.62 feet pass a pinched iron pipe found for reference and continuing on the same course for a total distance of 357.56 feet to the northeast corner of the herein described tract and said Lot 19, on the shore of Medina Lake;

Thence along the east boundary of the herein described tract and the east lines of said Lots 19, 18, 17 and 16 the following 4 calls:
1) S 20°08'11" E, 63.91 feet to the east common corner of said Lots 19 and 18;
2) S 10°34'25" E, 76.30 feet to the east common corner of said Lots 18 and 17;
3) S 13°29'45" E, 77.13 feet to the east common corner of said Lots 17 and 16;
4) S 25°25'23" E, 26.17 feet to the southeast corner of the herein described tract and the northeast corner of a tract of land conveyed to E. L. Foster and described in deed recorded in Volume 109, Page 23 of the Official Public Records of Bandera County, Texas;

Thence S 90°00'00" W along an interior south line of the herein described tract and the north line of said Foster tract, generally following a fence, at 55.89 feet pass an iron pin set for reference and continuing on the same course for a total distance of 236.23 feet to an iron pin found for a re-entrant corner of the herein described tract and the northwest corner of said Foster tract, in the east right-of-way line of an unimproved road platted as Avenue X;

> Thence S 02°56'10" W, 93.78 feet along an interior east line of the herein described tract and the west line of said Foster tract and the east right-of-way line of said Avenue X to an iron pin found for the most southerly corner of the herein described tract, in the northeast right-of-way line of aforesaid Elmhurst Drive;
>
> Thence N 29°02'39" W, 374.37 feet along the southwest line of the herein described tract and the northeast right-of-way line of said Elmhurst Drive to the place of beginning and containing 1.806 acres of land according to a survey made on the ground on October 27, 2005 by Ace Surveying, Inc.

(the "Property") ("Deed of Trust" and together with the Note, the "Loan Agreement").

17. The Deed of Trust was recorded in the real property records of Bandera County, Texas on March 27, 2006, as document number 00156849.

18. Option One then assigned, transferred, and conveyed its interest in the Loan Agreement to Deutsche Bank National Trust Company, as Trustee for Soundview Home Lan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5.

19. An Assignment of Note and Deed of Trust (the "Assignment") reflecting said assignment was filed in the Real Property Records of Bandera County on February 19, 2009, as Instrument Number 00189038. The recording of the Assignment acted to put the public on notice that Deutsche Bank as named in this lawsuit, owned the Loan Agreement and Option One no longer held any interest in the same.

20. The Note contains a blank indorsement. Deutsche Bank currently has physical possession of the Note through its mortgage servicer, PHH Mortgage Corporation. Deutsche Bank is the current owner of the Loan Agreement and beneficiary of the Deed of Trust.

21. The Loan Agreement provides that should the Alexanders fail to make payments on the Note as they became due and payable, or should the Alexanders fail to comply with any or

all of the covenants and conditions of the Deed of Trust, then the lender may enforce the Deed of Trust by selling the Property.

22. The Alexanders have failed to make their payments under the terms of the Loan Agreement. The loan is due and owing for the January 1, 2011 payment and all subsequent payments.

23. Unbeknownst to Deutsche Bank, the Alexanders defaulted on their real property tax obligations associated with the following portion of the Property. On March 22, 2012 Bandera County filed suit in the 216th Judicial District of Bandera County, Texas under suit number TX-12-100 seeking to foreclose its tax lien and collect $4,790.88 in taxes it was owed through of April 2012 (the "Tax Foreclosure Suit").

24. The Property at issue in the Tax Foreclosure Suit was Bandera County Tax Account Number 174329, which is described as follows:

> PART OF LOTS 16 AND LOTS 17 THROUGH 19, BLOCK 39, SUBDIVISION D, AVALON RANCH, INCLUDING ANY AND ALL IMPROVEMENTS, OR AS MORE FULLY DESCRIED IN VOLUME 390, PAGE 43 OF THE DEED RECORDS OF BANDERA COUNTY, TEXAS (the "Tax Foreclosure Property")

25. Named as defendants in the Tax Foreclosure suit were the Alexanders, Alexander's Equity Builders, LLC, Deutsche Bank National Trust Company, as Trustee, and USA/Internal Revenue Service ("IRS"). Deutsche Bank in its capacity as named as Plaintiff in this action was not a Defendant in the Tax Foreclosure Suit.

26. On July 25, 2012, Bandera County field an Officer's Return (the "Return") in the Tax Foreclosure Suit purporting to prove service on Deutsche Bank. The Return was blank but included a document titled "Proof of Service." The Proof of Service showed that a "Citation in Delinquent Tax Suit" was served on "Suzanne Patton – Legal Assistant" at 1761 E. St. Andrews

Place, Santa Ana, California 92705 on June 6, 2012 by B. Darsow, #6000." The Return did not state that the tax suit Petition was served and did not the date or time the process was received for service.

27. In fact, Deutsche Bank was not properly served with or provided with notice of Tax Foreclosure Suit. As a result of the lack of service, Bandera County moved for and obtained a default judgment against Deutsche Bank as Trustee (as named in the Tax Foreclosure Suit) on April 26, 2013 without Deutsche Bank having an opportunity to enter an appearance or defend its interest.

28. Bandera County then proceeded to a sheriff's sale of the Tax Foreclosure Property on December 2, 2014. David Shulder was the highest bidder and purchased the Property for the sum of $27,500.00. A Sheriff's Deed (the "Sheriff's Deed") reflecting the sale was recorded in the real property records of Bandera County, Texas as document number 00207501 on January 28, 2015.

29. David Shulder on or about June 25, 2015—148 days after the Sheriff's Deed was recorded—conveyed the Property back to Alexander's Equity Builders, LLC. A Warranty Deed with Vendor's Lien reflecting said conveyance was acknowledged on July 2, 2015 and recorded in the real property records of Bandera County, Texas on July 14, 2015.

30. In the meantime, and throughout the pendency of the Tax Foreclosure Suit, the Alexanders remained in default of the Loan Agreement. In an attempt to hold off foreclosure, the Alexanders filed suit in the 216th Judicial District Court of Bandera County, Texas under cause number 12-281-OC on or about August 27, 2012 (the "Prior Action").

31. In the Prior Action, Deutsche Bank and its mortgage servicer at the time, American Home Mortgage Servicing, Inc., ("AHMSI") were the named defendants. Deutsche

Bank filed a counterclaim for foreclosure against the Alexanders. During the course of the Prior Action, the Alexanders alleged in a Supplemental Amended Petition that lots 17, 18, and 19 were not part of the Alexanders' homestead and, therefore, the Deutsche Bank's Deed of Trust was void.

32. On July 29, 2019, counsel for Deutsche Bank responded to the Alexanders' claims that the Deed of Trust was void by acknowledging that its lien interest did not extend to any of the properties that were non-homestead properties (the "Acknowledgment"). The Defendants in the Prior Action then moved for summary judgment, which was granted. On November 9, 2016, an Amended Final Judgment the ("Amended Final Judgment") was entered in Deutsche Bank's favor which dismissed all of the Alexander's claims with prejudice, foreclosed Deutsche Bank's lien, and stated an order of sale shall issue to any sheriff or constable directing him to seize and sell the Property and improvements located thereon.

33. The legal description in the Amended Final Judgment described the property to be foreclosed as the Property, save and except the portion of Lot 16 and all of Lots 17, 18, and 19 referenced therein. However, the house that the Alexanders used as their homestead when they obtained the home equity loan partially sits on Lots 16, 17, 18, and 19. Without intervention of the Court to confirm the extent of Deutsche Bank's lien, it is unable to proceed to sale of its interest in the Property.

34. Plaintiff now files this suit seeking a declaratory judgment that: (1) the tax foreclosure sale did not disturb Deutsche Bank's lien interest in the Tax Foreclosure Property; (2) the tax foreclosure sale was valid against the Alexanders, Alexander Equity Builders, and the IRS ; (3) David Shulder and Alexander Equity Builders, LLC acquired their ownership and lien interest in the Property subject to Deutsche Bank's lien on the Tax Foreclosure Property free and

clear of any interest by the IRS; (4) in the alternative to the Tax Foreclosure Sale being not binding on Deutsche Bank's lien interest in the Property, that Alexander Equity Builders, LLC redeemed the Tax Foreclosure Property, thereby restoring it and Deutsche Bank to their respective positions as they existed prior to the Tax Foreclosure Sale; (5) Deutsche Bank's foreclosure sale pursuant to the Prior Judgment will extend to the portions of Lots 16, 17, 18, and 19 where the house sits; (6) in the alternative, that Deutsche Bank recover judgment against the Alexanders and David Shulder allowing it to proceed with a foreclosure on the portions of Lots 16, 17, 18, and 19 where the house sits; and (7) Deutsche Bank is entitled to recover its attorneys' fees, and all costs of suit.

## VI.
## CAUSE OF ACTION – DECLARATORY JUDGMENT – TAX FORECLOSURE SALE NOT BINDING ON DEUTSCHE BANK

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Neither Deutsche Bank nor its agents were properly served in the Tax Foreclosure Suit.

37. Prior to any action that will affect a protected property interest, due process requires that Deutsche Bank be served and named in the Tax Foreclosure Suit. *Sec. State Bank Trust v. Bexar County*, 397 S.W.3d 715, 721-22 (Tex. App.—San Antonio 2012, pet. denied). A court's judgment allowing foreclosure on a tax lien is valid against the parties properly joined and served in the suit, but any interested parties that have not been served are not bound by the judgment. *Id.*

38. As a lienholder of record, Deutsche Bank possesses a significant interest in the Property and due process required Deutsche Bank to be joined and served in the delinquent tax suit in order for the tax judgment to be valid against it.

39. In direct violation of its due process rights, Bandera County did not properly serve or join it in the Tax Suit, and therefore, the Court who entered judgment never obtained jurisdiction over Deutsche Bank.

40. Pursuant to section 17.028 of the Texas Civil Practice and Remedies Code, service of process on Financial Institutions must be made upon that institution's registered agent or, if the institution does not maintain a registered agent, then on either the institution's President or any branch manager. TEX. CIV. PRAC. & REM. CODE ANN. § 17.028. This method of service of process on financial institutions is the sole method for servicing process on financial institutions. *The Bank of New York Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868 (Tex. App.—Dallas, pet. denied) (concluding that Section 17.028 is the exclusive method for serving a financial institution, foreign, or domestic).

41. The return of service shows that Bandera County did not serve Deutsche Bank's registered agent or its President or branch manager. Instead, Suzanne Patton – Legal Assistant was served.

42. Furthermore, Deutsche Bank was not named in the Tax Foreclosure Suit in its capacity as trustee for Soundview Home Land Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5.

43. As a result, service was invalid and the tax foreclosure judgment was not binding on Deutsche Bank. Nor is Deutsche Bank bound by the judicial foreclosure sale of the Property pursuant to the Order granted in that suit. The judgment, however, remains binding upon the Alexanders, Alexander Equity Builders, and the IRS as they were properly named and served in the lawsuit. As a result, the foreclosure sale eliminated any interest in the property held by the Alexanders, Alexander Equity Builders, and the IRS, and Defendant David Shulder and Alexander

Equity Builders, LLC acquired their interest in the Property subject to Deutsche Bank's first lien on the Property.

44. Therefore, Deutsche Bank seeks a declaration that the October 7, 2014 tax foreclosure sale of the Property was valid against the Alexanders, Alexander Equity Builders, and the IRS and that Defendant David Shulder and Alexander Equity Builders acquired their ownership interest in the Property subject to Deutsche Bank's first lien on the Property.

45. All conditions precedent have been performed or have occurred.

## VII.
## CAUSE OF ACTION – DECLARATORY JUDGMENT – TAX FORECLOSURE SALE ALEXANDER EQUITY BUILDERS LLC REDEEMED THE PROPERTY

46. The foregoing paragraphs are incorporated by reference for all purposes.

47. In the alternative, assuming that the tax foreclosure sale was binding on Deutsche Bank's interest in the Property, its lien interest was subsequently restored because the Property was redeemed by Alexander Equity Builders.

48. On or about June 25, 2015, when David Shulder conveyed the Property back to Alexander's Equity Builders, LLC, it was still within the redemption period. Because the redemption was done during the redemption period to the prior owner, Alexander Equity Builders, LLC is estopped from claiming that it did anything other than redeem the Tax Foreclosure Property from the tax sale. *Reynolds v. Batchelor*, 216 S.W.2d 663, 667 (Tex. Civ. App.—Fort Worth 1948, writ ref'd n.r.e.) Therefore, when Alexander Equity Builders, LLC received the Warranty Deed with Vendor's Lien on July 2, 2015, it was, in fact a redemption deed, and both Alexander Equity Builders, LLC and Deutsche Bank were restored to their positions as they existed prior to the Tax Foreclosure Sale.

49. Deutsche Bank requests a declaratory judgment that Alexander Equity Builders, LLC acquisition of the Property from David Shulder was a redemption of the Tax Foreclosure Property and that Deutsche Bank's interest in the Tax Foreclosure Property was restored when

50. All conditions precedent have been performed or have occurred.

## VIII.
## CAUSE OF ACTION—DECLARATORY JUDGMENT—PLAINTIFF'S FORECLOSURE INCLUDES PORTIONS OF LOTS 16, 17, 18, AND 19

51. The foregoing paragraphs are incorporated by reference for all purposes.

52. In addition to the property described in the Amended Final Judgment in the Prior suit, Plaintiff's foreclosure extends to portions of the neighboring lots 16, 17, 18 and 19 described in the Property.

53. The house on the Property sits on Lot 14 and a portion of Lots 16, 17, 18, and 19. At the time the Alexanders entered into the Loan Agreement, the house was part of their homestead property. Therefore, the portions of Lots 16, 17, 18, and 19 where the house sits were not included in the Acknowledgment that the Deed of Trust did not extend to non-homestead property and Deutsche Bank's lien continued to encumber a portion of these lots.

54. Furthermore, the Deed of Trust specifically extends a security interest to all improvements. Under Texas law, where a building or improvement extends beyond the line or boundary of the property mentioned in the description of the property conveyed, the entire land upon which the building or improvement stands will pass even though the description fails to include that land. *Zale Corp. v. E. I. Du Pont de Nemours & Co.*, 494 S.W.2d 229, 233 (Tex. Civ. App.—Dallas 1973, no writ). Thus, although the Prior Judgment specifically excludes all of Lots 16, 17, 18, and 19, the foreclosure sale of the Property will convey a portion of these lots where the home sits.

55. Deutsche Bank seeks a declaratory judgment that foreclosure will extend to the portion of Lots 16, 17, 18, and 19 where the house sits.

56. All conditions precedent have been performed or have occurred.

## IX.
## CAUSE OF ACTION—JUDICIAL FORECLOSURE

57. The foregoing paragraphs are incorporated by reference for all purposes.

58. In the alternative to Deutsche Bank's declaratory judgment claim set forth above in Section VIII, Deutsche Bank asserts a cause of action for judicial foreclosure against the defendants for the portions of Lots 16, 17, 18, and 19 where the house sits.

59. As stated before, the portion of these lots where the house sits was the Alexanders' homestead property and, therefore, Deutsche Bank's home equity loan properly extended to it and that property was not released though Deutsche Bank's Acknowledgment. As the current legal owner and holder of the Note and the mortgagee of record, has the right to enforce the Note and Deed of Trust. Deutsche Bank has fully performed its obligations under the Loan Agreement; however, the Alexanders did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

60. Deutsche Bank seeks a judgment allowing it to foreclose on the portions of Lots 16, 17, 18, and 19 where the house sits in accordance with the Deed of Trust and Texas Property Code section 51.002, or alternatively a judgment for judicial foreclosure.

61. Deutsche Bank has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the Alexanders' failure to comply with the Loan Agreement. Deutsche Bank is therefore entitled to and seeks judgment against the Alexanders for its

reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Deed of Trust signed by the Alexanders.

62. All conditions precedent have been performed or have occurred.

63. All conditions precedent to Deutsche Bank's right to enforce the Note and Deed of Trust and to obtain the relief requested herein have been performed or have occurred.

## X.
## CONDITIONS PRECEDENT

64. The foregoing paragraphs are incorporated by reference for all purposes.

65. All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Deutsche Bank prays asks that Defendants be summoned to appear, and that Deutsche Bank have judgment that: (1) the tax foreclosure sale did not disturb Deutsche Bank's lien interest in the Tax Foreclosure Property; (2) the tax foreclosure sale was valid against the Alexanders, Alexander Equity Builders, and the IRS; (3) David Shulder and Alexander Equity Builders, LLC acquired their ownership and lien interest in the Property subject to Deutsche Bank's lien on the Tax Foreclosure Property free and clear of any interest by the IRS; (4) in the alternative to the Tax Foreclosure Sale being not binding on Deutsche Bank's lien interest in the Property, that Alexander Equity Builders, LLC redeemed the Tax Foreclosure Property, thereby restoring it and Deutsche Bank to their respective positions as they existed prior to the Tax Foreclosure Sale; (5) Deutsche Bank's foreclosure sale pursuant to the Prior Judgment will extend to the portions of Lots 16, 17, 18, and 19 where the house sits; (6) in the alternative, that Deutsche Bank recover judgment against the Alexanders and David Shulder allowing it to proceed with a foreclosure on the portions of Lots 16, 17, 18, and 19

where the house sits; and (7) Deutsche Bank is entitled to recover its attorneys' fees, and all costs of suit. Deutsche Bank seeks all other relief to which it may be entitled.

Respectfully submitted,

By: /s/ Philip W. Danaher
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**